## MICHIGAN STOVE CO. v. FULLER–WARREN CO.

(Circuit Court. E. D. Wisconsin.   June 22, 1896.)

1. PATENTS—COMBINATIONS—AGGREGATIONS.
    Where a patent for an improvement in stoves includes as part of the combination an in-turned, mica-filled section over the fire pot, and a reflector, which, as their joint product, give a new illuminating effect, making the stoves attractive and popular, this is sufficient to show a patentable combination, as distinguished from a mere aggregation of old elements.

2. SAME—EVIDENCE OF POPULARITY—REBUTTAL.
    Testimony as to the popularity of an improved structure may be received in rebuttal to overcome any doubt which may arise because the patent is so close to the line between true combinations and mere unpatentable aggregations.

3. SAME—IMPROVEMENT IN STOVES.
    The Keep mechanical patent, No. 368,770, for an improvement in stoves, construed, and held not anticipated, valid, and infringed as to the second and fifth claims, and not infringed as to the third claim.

4. SAME—DESIGN PATENT—STOVES.
    The Keep and Wipfler patent, No. 18,190, for a design for a heating stove, held not infringed.

This was a suit in equity by the Michigan Stove Company against the Fuller-Warren Company for alleged infringement of certain patents for improvements in stoves.

The bill alleges infringement of two letters patent owned by the complainant: (1) Mechanical patent, No. 368,770, for improvement in stoves, granted to William J. Keep, August 23, 1887; and (2) design patent, No. 18,190, for heating stove, granted to William J. Keep and Charles Wipfler, March 21, 1888.

First. Of the mechanical patent infringement is alleged of the second, third, and fifth claims, which read as follows: "(2) The combination, in a stove, of a vertical section, as, A, B, inclosing the fire pot, an in-turned section, C, arranged over the fire pot, a reflector, E, arranged above said in-turned section, and mica interposed between the fire and reflector, substantially as described. (3) The combination, in a stove, of a vertical section, an in-turned section, C, having mica-filled openings, an overhanging section, D, and a reflector set in front of said overhanging section, and with a space between the two, substantially as described."   "(5) The combination, in a stove, of a vertical section, an in-turned section, C, having openings filled with mica, and multiple reflectors, as, E', E', arranged to diffuse and spread the rays of light and heat in various directions substantially as described."

Second. The design patent embodies substantially the same mechanical combinations covered by the foregoing patent, and infringement is alleged of the three following claims: "(2) In a design for a stove, an overhanging top, 3, having an in-turned concave recess in front above the cover, as shown. (3) In a design for a stove, the substantially cylindrical fire-pot section, comprising the three mica sections: the lower one flaring, the upper one of sector shape, and the intermediate one substantially straight, as shown. (4) In a design for a stove, the rail ornamented at its ends with rosettes arranged at an oblique angle to the length of the rail, as shown."

The defenses to both patents allege noninfringement and invalidity. Numerous prior patents are introduced to show the prior state of the art and want of novelty, and it is especially urged that the second and fifth claims of the mechanical patent are mere aggregations of old devices, and that the third claim is not infringed.

George H. Lothrop, for complainant.
Davenport & Hollister, for defendant.

SEAMAN, District Judge (after stating the facts as above). In the mechanical patent, No. 368,770, invention is asserted generally upon the following features: In drawing inwardly the wall of the stove over the fire pot, putting mica in the in-turned wall to permit the passage of heat and light rays, and placing a reflector over the fire in position to catch and reflect the light rays. These features are all clearly set forth in the letters patent, especially in the second and fifth claims. The defendant contends that each of the elements entering into these claims is an old and well-known feature of stove structure; and the evidence of prior patents, introduced on its behalf, supports that contention. An in-turned section above the fire pot and mica-filled openings appear in several prior patents, notably in the drawings which accompany the following: No. 107,597, for a magazine stove, issued to A. C. Corse, September 20, 1870; No. 129,534, to A. C. Corse, July 16, 1872, for a base-burning stove; No. 8,567, to Philip Rollhaus, Jr., August 6, 1875, for design for fireplace heater. Reflectors in various forms are a common structure, and appear in several exhibit patents, although none is shown of strictly analogous use. The expert on behalf of the defendant places much stress on the above-mentioned Corse patents as anticipatory of all

the essential features of the patent in question, but they clearly have no reflector, and, in my opinion, do not suggest this combination. The main defense, however, against the second and fifth claims is that they do not present a patentable combination, but are mere aggregations of old elements of stove structure. It is clear that if "the result in this case is a mere aggregation of the several functions of the different elements of the combination, each performing its function in the old way," there is nothing upon which to base a claim to invention. Richards v. Elevator Co. (on rehearing) 159 U. S. 477, 487, 16 Sup. Ct. 53. Whether these claims fall within such definition was the inquiry which seemed to me, upon the argument, to present the main, if not the only, difficulty in the case. In Loom Co. v. Higgins, 105 U. S. 580, 591, Mr. Justice Bradley, speaking for the court, says:

"It may be laid down as a general rule, though perhaps not an invariable one, that if a new combination and arrangement of known elements produce a new and beneficial result never attained before, it is evidence of invention."

The testimony shows that the result obtained by this combination was beneficial, in that it gave an illuminating effect which made the stoves attractive, and gave them great popularity in the trade; and it is my opinion that this effect is new as the joint product of the in-turned mica-filled section and the reflector. As stated by the complainant's expert:

"It is necessary in a coal-burning stove of this kind, particularly when hard coal is used, that the space above the fire pot be inclosed, so that the chimney will draw the air through the fuel instead of over it. It is therefore necessary that the in-turned section, if it permits light and heat rays to pass through it, must have mica placed in the openings of this in-turned section, in order that it may be closed, and at the same time transparent to light and heat rays. The in-turned section, having mica in it, therefore co-operates with the section inclosing the fire pot and with the reflector above the in-turned section, because it permits the heat and light rays to pass from the fire pot to the reflector through the in-turned section, and still maintains a closed space above the fire pot. The mica interposed between the fire pot and reflector serves also to prevent the smoke and dust from the fire pot coming in contact with the reflector, and obscuring its bright surface, so that the in-turned section filled with mica co-operates with the fire pot and the reflector to prevent the former from destroying the latter."

Although the mica and the reflector each performs its old function, it is not in the old way, for they are so positioned that they co-operate, and obtain a result which is joint, and not individual. This distinction is the same noted by Judge Acheson in Stutz v. Armstrong, 20 Fed. 843, 847, that "it is sufficient if all the devices co-operate with respect to the work to be done, and in furtherance thereof, although each device may perform its own particular function only." In this view the device meets the requirements for a patentable combination, namely, "while every element remains a unit, retaining its own individuality and identity as a complete and operative means, the combination embodies an entirely new idea of means, and thus becomes another unit, whose essential attributes depend on the co-operative union of the elements of which it is composed." 1 Rob. Pat. § 155. The testimony regarding the popularity of the structure thus obtained is well worthy of consideration to overcome

any doubt which may arise because the device comes close to the line of these definitions; and I do not think this testimony should be excluded as not strictly in rebuttal, under the objection interposed by the defendant. The infringement of the second and fifth claims appears to be clearly established, and the complainant is entitled to an injunction thereupon.

The other allegations of infringement are unsupported by the evidence. The third claim of the mechanical patent makes the provision of an air space between the reflector and the overhanging section, D, the distinguishing element; and this is neither employed in the defendant's stove, nor is there any equivalent for it. This omission avoids infringement. The defendant's stove does not conflict with the design patent, if that is assumed to be valid. In its appearance, either generally or in detail, it does not so far resemble the complainant's design as to deceive purchasers or dealers, but, on the contrary, seems to be well distinguished in form and ornamentation.

No proof is furnished under section 4900, Rev. St., and there can be no decree for damages or profits as the case now stands. Decree may be prepared for entry in accordance with the views above indicated.

On Rehearing.

(May 19, 1897.)

Banning & Banning, for complainant.
Nelson Davenport, for defendant.

SEAMAN, District Judge. Rehearing was granted in this case for the production of further and newly-discovered evidence upon the issue of anticipation. This evidence on behalf of the defendant presents two devices: (1) A fireplace heater, called the "New Golden Sun," purporting to have been manufactured by James Spear at Philadelphia, put upon the market about 1883, and exhibited in a catalogue dated in 1884. (2) A stove called the "Standard Base Burner," manufactured by the Magee Furnace Company, of Boston, and claimed to have been placed upon the market in 1876. The Spear device is the only one which seems to me to be entitled to serious consideration. The testimony relating to the Magee stove shows an original construction in which the upper mica section was slightly curved or in-turned, and above this a section or ring which would be capable of use as a reflector, to some extent, if properly plated or polished for that object. No exhibit stove is produced by the defendant of this form, but it is asserted by some of the witnesses that this ring was polished and served as a reflector; and one witness states that a stove which was made for exhibition at the Philadelphia Centennial had the ring section nickel plated. This construction was abandoned after the first season, and the testimony is too indefinite to establish actual provision for use of the feature of reflection which is dominant in the complainant's device. If the feature was present in any degree, it was as a mere incident, and not so far developed or recognized as to anticipate the patent in suit. And, on the other hand, the com-

plainant produced a stove of that make, which was identified as one of those named by the defendant's witness as made and sold by the Magee Company, and of the pattern referred to, in which the under side of the ring was unpolished, and it was conceded that it could not serve as a reflector. The Spear fireplace device, called the "New Golden Sun," has an arched border or frame nickel plated, which serves to reflect the rays of light and heat to a certain extent at the sides, although not at the top. The only witness upon this point is the designer and manufacturer, James Spear, who gives enthusiastic description of the "dazzling glow" which was produced. A cut of it is shown in his catalogue of 1884, and the feature of reflection is referred to in the context. But there is no provision of an in-turned mica section and reflector serving in any manner to reflect the rays of light and heat from the upper surface of the fire pot, which is the distinguishing feature of the complainant's device, and gives it the large measure of success shown in this record. While there is incidental use of the feature of reflection, there was, in my opinion, no such recognition of its benefits as should appear to constitute anticipation in view of the success obtained by the complainant's device. The question of patentable invention is close, but the new testimony is not sufficient, in my view of the case as a whole, to disturb the opinion heretofore reached. Decree will be entered in favor of the complainant according to the former opinion.